# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00333-CV

**Paul West Kimmell, Appellant**

**v.**

**Ina Cooper, Tammy L. Smith, William Joel Johnson, Ten John Does
and Ten Jane Does, Appellees**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 20,509 HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

Paul West Kimmell has filed a brief that is part original quo warranto proceeding and part appeal. We dismiss the original proceeding portion because it has not been presented by the proper party to a trial court. We affirm the judgment of the trial court.

In his original pleading in the district court, Kimmell complained that various officials in the City of Burnet and Burnet County failed to make an anti-bribery statement before acting in their official capacities. *See* Tex. Const. art. 16, § 1. The officials and their offices are Ina Cooper, city alderwoman; Tammy Smith, clerk of the municipal court; and William Joel Johnson, unspecified county office.[1] The twenty Does were never named. Kimmell apparently filed this suit to challenge

---

[1]Although Kimmell claims Johnson failed to make the anti-bribery statement, the documents from the Secretary of State attached to Kimmell's pleading show that the Secretary found filings of the required statement for William Johnson as municipal judge on October 25, 1994; William Joe Johnson as municipal judge on January 25, 1996; and William Johnson as justice of the peace on October 25, 1994. Kimmell's claim may be based on the filings not using the middle name "Joel."

his conviction in municipal court for a speeding violation. A copy of a complaint attached to his pleading alleges that he was traveling forty-nine miles per hour in a thirty-five miles per hour zone; the fine and court costs assessed on November 28, 2000 totaled $123.25. Kimmell outlined two causes of action in his initial pleading in the district court: (1) that the three officials inflicted mental anguish and fraud by prosecuting him before making required anti-bribery statements with the Texas Secretary of State; and (2) that Cooper, Smith, and Johnson failed to prove the existence of corporations known as the State of Texas and the City of Burnet. Kimmell apparently believes that the full capitalization of the names "THE STATE OF TEXAS" and "THE CITY OF BURNET" gives them a separate corporate existence from "the State of Texas" and "the City of Burnet." He later requested relief against the appellees' attorney for "trespass by misappropriation of name," an offense purportedly committed by capitalizing all the letters in Kimmell's name in the style of the appellees' plea to the jurisdiction.

In their plea to the jurisdiction, the appellees argued that Kimmell's suit was an impermissible collateral attack on his speeding conviction. They also contended that the district court lacked jurisdiction because Kimmell was suing appellees for official actions for which they retained sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.022 (West 1997). Finally, the appellees contended that the challenges to their right to hold public office were properly the subject of a quo warranto action and that Kimmell lacked standing to bring such an action. *See id.* § 66.002 (West 1997) (quo warranto action must be brought in name of State of Texas). The district court granted the plea to the jurisdiction.

On appeal, Kimmell contended that district court personnel had not properly given the anti-bribery statements. We found these challenges to be in the nature of a quo warranto action that

Kimmell lacked standing to bring individually and that was improperly brought for the first time in an appellate court. Dismissing such claims, we requested briefing from Kimmell on any issues properly the subject of an appeal from the district court's granting of the plea to the jurisdiction.[2] In his brief, Kimmell assigns the following errors:

Error #1. Failure of Due Process Notice of Hearing.

Error #2. Failure to maintain and enforce State Law.[3]

Error #3. Failure to maintain jurisdiction and render Findings of Fact and Conclusion of Law voiding "illegal acts" of Public Officials.

Error #4. Failure of the below court to protect Appellant's Security Agreement.

Kimmell appears to argue under Error #1 that he was deprived of due process because he did not get notice of the hearing at which the appellees' plea to the jurisdiction was sustained. This argument fails because the district court's order states that the court considered the plea "without oral hearing." An oral hearing would not have altered the fact that Kimmell sued a municipal court clerk, either a municipal court judge or a justice of the peace, and a city alderwoman for their actions in prosecuting him on a speeding ticket (though what role an alderwoman could have had in prosecuting a speeding ticket was never alleged), did not allege they did anything outside the

---

[2] Appellees move to dismiss Kimmell's appeal, contending that he filed his notice of appeal too late. The district court dismissed his suit on May 2, 2001. Kimmell filed a motion to set aside the judgment on June 4, 2001, more than thirty days after the dismissal—too late to extend the appellate timetables. The district court received his notice of appeal on June 13, 2001—more than thirty days after the judgment, but within fifteen days of the date due; it therefore was a defective motion to extend the time to file the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). As we did not request that he correct this defect, we will accept Kimmell's notice of appeal as timely and address the merits of his appeal. We overrule the appellees' motion to dismiss.

[3] When Kimmell restates Error #2 later in his brief, he states it as "Failure to maintain/enforce State Law, Texas Constitution, Article 5, Section 8."

scope of their official duties, and did not allege that they had waived their official immunity. To the extent that he challenges the merits of the district court's ruling, he also fails. He does not address the district court's finding that his suit is an improper attempt to collaterally attack a final conviction for speeding. He does not address the district court's finding that he, individually, is not entitled to bring a quo warranto action. Because the plea to the jurisdiction had merit, the granting of the plea did not deprive him of due process.

Under Error #2, Kimmell contends that the district court failed to maintain or enforce article five, section eight of the Texas constitution, which defines the jurisdiction of district courts.[4] Kimmell contends under this point that the district court's notice of setting failed because the clerk was not properly sworn. The challenge to the authority of the clerk to file the order is yet another improper attempt at a quo warranto proceeding.

Under Error #3, Kimmell contends that he can bring these challenges absent a quo warranto proceeding by the State because the constitution provides that "everything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void." We conclude that Kimmell

---

[4] This section provides:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.

Tex. Const. art. 5, § 8.

has not shown a conflict between the Texas Bill of Rights and any statute that is relevant to the disputes involved in his case.

Under Error #4, Kimmell contends that the court below failed to protect his security agreement. We see no relevance of the security agreement attached to his brief (which purports to define a creditor-debtor relationship between "Paul West Kimmell" and "PAUL WEST KIMMELL") to this suit. What is clear from this security agreement, the assigned error, and from some of the documents submitted at the district court is that Kimmell attaches significance to the writing of names in all capital letters and believes that a fully capitalized name is that of a debtor or a legal fiction like a corporation. He apparently believes that any other full capitalization of a name not ordinarily fully capitalized is improper and that a court cannot bind an individual or entity who uses upper- and lower-case to spell his, her, or its name by signing orders and judgments that contain full capitalizations of those names. Kimmell's theory of the meaning of capitalization is neither the law nor the practice in this Court, and we find no indication that the district court employed this theory to his detriment in this case.

We conclude that Kimmell has not shown error in the districts court's rulings and has not shown himself entitled to any of the relief he requests by his appeal. We overrule all Kimmell's points of error and affirm the judgment. All pending motions and relief requested are denied.

_____

Mack Kidd, Justice

Before Justice Kidd, Yeakel and Patterson

5

Affirmed

Filed:   February 22, 2002

Do Not Publish